# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

SUSAN MICHELE PARKER and
CARL GREGG PARKER                                          PLAINTIFFS

vs.                                           CIVIL ACTION NO. 3:05cv768-HTW-JCS

WAL-MART STORES, INC.                                        DEFENDANT


## MEMORANDUM OPINION AND ORDER

Before this court is defendant's motion for summary judgment. Defendant herein is Wal-Mart Stores, Inc. The plaintiffs are Susan Michele Parker and Carl Gregg Parker. On July 25, 2005, plaintiffs commenced this action by filing their complaint in the Circuit Court of Rankin County, Mississippi, being civil action number 2005-159-C. Under that complaint, now in this court, plaintiff Susan Michele Parker seeks to recover unspecified actual and punitive damages allegedly resulting from the "trip-and-fall" incident against Wal-Mart. Her husband, plaintiff Carl Gregg Parker, has asserted a claim for loss of consortium. On December 13, 2005, pursuant to Title 28 U.S.C. §§1332[1] and 1441[2] defendant removed this action from state court to this federal forum

---

[1] Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... .

[2] Title 28 U.S.C. § 1441 provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending.

on the basis of diversity of citizenship and the presence of the requisite amount in controversy. On November 13, 2006, in reliance upon Rule 56(b),[3] Federal Rules of Civil Procedure, defendant filed the instant motion for summary judgment. This court has subject matter jurisdiction over this case because the parties are diverse in citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Having considered the motion, response, rebuttal and all attachments to each, as well as supporting and opposing authority, and having heard the oral arguments of counsel, the court finds that defendant's motion is well taken and should be granted.

## I. Findings of Fact

On or about September 30, 2003, plaintiff Susan Michele Parker went with her three children to the Wal-Mart store located in Flowood, Mississippi, to purchase party supplies. Ms. Parker walked across the parking lot holding the hands of her younger children, while her eldest child walked on her left side. This oldest child directed Ms. Parker's attention toward some deer stands as Ms. Parker stepped up on the curb. Ms. Parker claims that, as she stepped up on the curb, the heel of her foot landed in a crack in the expansion joint of the curb, which she estimates to be approximately 3 inches by 3 inches, and approximately two 5/8 inches deep, causing her to fall and break her ankle.

---

[3]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also*, *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The non-moving party must then go beyond

the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

### III. **Application of Mississippi Law**

Since this court has subject matter jurisdiction over this lawsuit by way of diversity of citizenship, Title 28 U.S.C. § 1332, this court is obligated to apply the substantive law of Mississippi. Mississippi is where the accident occurred and where the plaintiffs filed their lawsuit. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### IV. **Conclusions of Law**

Plaintiff Susan Michele Parker was a business invitee of defendant. A business invitee is defined as one who enters the premises "at the owner's invitation to pursue a matter of mutual advantage." *Ball v. Dominion Ins. Corp.*, 794 So.2d 271, 273 (¶ 9) (Miss. Ct. App. 2001) (citing *Hoffman v. Planters Gin Company, Inc*. 358 So.2d 1008, 1011(Miss. 1978)). Consequently, Wal-Mart owed a duty to plaintiff Susan Michele Parker to take reasonable care in keeping its premises reasonably safe and to warn of

4

any dangerous condition not readily apparent. *Caruso v. Picayune Pizza Hut, Inc.,* 598 So.2d 770, 773 (Miss. 1992). This obligation, however, does not make a premises owner an insurer of the safety of its invitees. *See Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987) (The fact that the plaintiff suffered injuries as a result of a slip-fall on the defendant's premises is not decisive to the issue of whether the defendant committed a negligent act. The premises' owner is not considered the insurer of the safety of its invitees).

Plaintiffs herein, therefore, have the burden to present evidence of a hazardous condition which caused plaintiff Susan Michele Parker's injury, and that Wal-Mart failed to adequately warn plaintiff Susan Michele Parker of the alleged dangerous condition. *Carpenter v. Nobile*, 620 So.2d 961, 964 (Miss. 1993).

In this case, the plaintiffs claim that a crack in the expansion joint of the curbing measuring approximately 3 inches by 3 inches, and approximately two 5/8 inches deep of the parking lot created a hazardous condition. Mississippi courts have repeatedly held that normally encountered dangers such as thresholds, curbs, and steps will not be considered hazardous conditions. *See McGovern v. Scarborough*, 566 So.2d 1225, 1228 (Miss. 1990); *see also Ware*, 512 So.2d 1281 (holding that "there is no liability for injuries, where the condition is not dangerous" when plaintiff stumbled over curb in parking lot); *Tate v. Southern Jitney Jungle Company*, 650 So.2d 1347, 1351 (Miss. 1995) (recognizing there is no liability in cases involving dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps).

5

Further, under controlling Mississippi law, a curb is not a dangerous condition, even if cracks are in the pavement with changes in elevation. *See McGovern v. Scarborough*, 566 So.2d 1225, 1228 (Miss. 1990); *see also Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987) (holding that "there is no liability for injuries, where the condition is not dangerous" when plaintiff stumbled over a curb in parking lot); *Tate v. Southern Jitney Jungle Company*, 650 So.2d 1347, 1351 (Miss. 1995) (recognizing there is no liability in cases involving dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps); *City of Greenville v. Laury*, 172 Miss. 118, 159 So. 121, 122 (1935) (reasonable jury could not have found that a crevice in the street measuring a half-inch to three inches in width and depth and 18 inches to two feet in length the street was of such character to make the street unsafe for use); *City of Biloxi v. Schambach*, 247 Miss. 644, 658, 157 So.2d 386, 392 (1963) (sidewalk defect consisting of a three to four-inch differential in height between sidewalk blocks was not sufficient to impose liability); *First Nat'l Bank of Vicksburg v. Cutrer*, 214 So.2d 465, 466 (Miss. 1968) (cracks on the edge of a concrete riser was not an unreasonably dangerous condition); *Bond v. City of Long Beach*, 908 So.2d 879, ¶¶ 9-10 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the City should have anticipated); *Howard v. City of Biloxi*, 943 So.2d 751, 756 (Miss. Ct. App. 2006) (In the context of a claim made under the Mississippi Tort Claims Act, a crack in the sidewalk with a height differential between ½ inch and 1 ½ inches was open and obvious so as to provide

immunity for a municipality). The plaintiffs have cited no authority which contradicts this well-established law.

As a matter of law, the curb in question cannot be considered a hazardous condition, regardless of whether a crack was in the curb. In Mississippi, a premises owner is not the insurer of the safety of its customers, and the law does not require that sidewalks and curbs be completely level and free from cracks or defects. *See Schambach*, 247 Miss. at 658, 157 So.2d at 392; *Laury*, 172 Miss. 118, 159 So. at 122. Consequently, plaintiffs cannot establish liability based on this premise.

Additionally, plaintiff Susan Michele Parker failed in her affirmative duty to exercise reasonable care while on Wal-Mart's premises. *See Sivira v Midtown Restaurants Corp.*, 753 So.2d 492, 494 (Miss. Ct. App. 1999) (court affirmed jury verdict when plaintiff failed to act in a reasonable prudent manner by not looking where he was going when he slipped in restaurant); *see also General Tire & Rubber Co. v. Darnell*, 221 So.2d 104, 107 (Miss. 1969) (requiring an invitee to use that degree of care and prudence that a person of normal intelligence would exercise under the same or similar circumstances). Ms. Parker admitted that she had been to this particular Wal-Mart store numerous times, "practically every day," that she had noticed the red curb, and that she had gone to Wal-Mart frequently and stepped up on that very curb. The only reason Ms. Parker tripped on the curb on this occasion was because she was not paying attention. Ms. Parker has admitted that she was looking at the deer stand display being pointed out to her by her son. Plaintiff Susan Michele Parker has the

affirmative duty under Mississippi law to act in a reasonably prudent manner and pay attention to where she was going; this, she failed to do.

Accordingly, the court finds that this lawsuit features no genuine issues of material fact and the defendant is entitled to a judgment as a matter of law. Mississippi law has consistently held that a curb is not a dangerous condition, even if it contains cracks. The plaintiffs have produced no evidence or legal authority which would counter this long-standing legal fact.

In addition, defendant is entitled to a judgment as a matter of law on plaintiff Carl Gregg Parker's loss of consortium claim. Although Mr. Parker's cause of action is independent of the claims asserted by Ms. Parker, his right to recovery is dependent upon his wife's ability to prevail on her claims against Wal-Mart. On this issue, the Mississippi Supreme Court has opined that consortium actions "are derivative actions subject to all defenses that would have been available against the injured persons." *Choctaw v. Wichner*, 521 So.2d 878, 881 (Miss. 1988) (citing numerous authorities which hold that a spouse's right to consortium damages is derivative); he [or she] could have no better standing in court than [the other spouse] had. Therefore, a prerequisite for Mr. Parker to recover on his claim for loss of consortium is Ms. Parker's ability to recover on her claims of negligence. Because defendant is entitled to a judgment as a matter of law on Ms. Parker's claims, defendant similarly is entitled to a judgment as a matter of law on Mr. Parker's claim of loss of consortium.

## V. Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [docket entry no. 55] is hereby granted. All other pending motions are hereby dismissed as moot. This case in its entirety is hereby dismissed with prejudice. A Final Judgment will be entered reflecting the final resolution of this matter.

**SO ORDERED AND ADJUDGED, this the 28th day of February, 2007.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-768 HTW-JCS
Memorandum Opinion and Order